Filed 8/19/20  P. v. Del Carmen CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# SECOND APPELLATE DISTRICT

# DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B299604 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA427590-02) |
| v. | |
| JONATHAN DEL CARMEN<br>Defendant and<br>Respondent. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, George G. Lomeli, Judge.  Reversed and remanded with directions.

Elizabeth K. Horowitz, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Charles S. Lee and David W. Williams, Deputy Attorneys General for Plaintiff and Respondent.

————————

Jonathan Del Carmen pleaded guilty to second degree murder pursuant to a negotiated agreement and was sentenced to an indeterminate state prison term of 15 years to life. A few months after he was sentenced, Del Carmen petitioned for resentencing pursuant to then newly enacted Penal Code section 1170.95.[1] The superior court denied the petition solely on the ground section 1170.95 was unconstitutional. We reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *The Killing of Xinran Ji*

According to the evidence presented at Del Carmen's preliminary hearing, in July 2014 Del Carmen drove three friends, Alberto Ochoa, Andrew Garcia and Alejandra Guerrero, on a "flocking" mission, a term Ochoa told police meant to "rob" someone. They found Xinran Ji, a 24-year-old USC graduate student, walking home to his apartment from a study session just after midnight. Del Carmen stopped the car at Ochoa's request. Ochoa, Garcia and Guerrero got out the car and chased Ji on foot. In a particularly brutal attack, Ochoa and Garcia beat Ji with a metal baseball bat when Ji refused to relinquish his backpack. Guerrero also participated in the attack. Del Carmen remained in the car. At one point during the attack, Del Carmen started to drive away. Garcia, Ochoa and Guerrero stopped their assault and jumped back into the car. Del Carmen and his companions left the scene. Ji, bloodied and bleeding with a fractured skull, returned to his apartment, where he died a short time later. The attack was captured on surveillance cameras.

---

[1]     Statutory references are to this code.

2

2. *The Information and Negotiated Plea Agreement*

An information filed January 23, 2015 charged Del Carmen and his confederates with special circumstance murder. (§ 190.2, subd. (a)(17).) Pursuant to a negotiated plea agreement, Del Carmen pleaded no contest to second degree murder in July 2018 and was sentenced to an indeterminate state prison term of 15 years to life.

3. *Senate Bill No. 1437 and Del Carmen's Petition for Resentencing*

a. *Senate Bill No. 1437*

Senate Bill No. 1437 (2017- 2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437), effective January 1, 2019, amended the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder through amendments to sections 188 and 189. New section 188, subdivision (a)(3), provides, "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime."

New section 189, subdivision (e), in turn, provides with respect to a participant in the perpetration or attempted perpetration of a felony listed in section 189, subdivision (a), in which a death occurs—that is, as to those crimes that provide the basis for the charge of first degree felony murder—that an individual is liable for murder "only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first

3

degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

Senate Bill 1437 also permits, through new section 1170.95, an individual convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder because of Senate Bill 1437's changes to the definition of the crime. (§ 1170.95, subd. (b)(1).) The petition must include: "(A) A declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of subdivision (a). [¶] (B) The superior court case number and year of the petitioner's conviction. [¶] (C) Whether the petitioner requests the appointment of counsel." (§ 1170.95, subd. (b)(1); see *People v. Verdugo* (2020) 44 Cal.App.5th 320, 326-327, review granted Mar. 18, 2020, S260493 (*Verdugo*).[2]

If "the petition contains all required information, section 1170.95, subdivision (c), prescribes a two-step process for the court to determine if an order to show cause should issue: 'The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner

---

[2]     The Supreme Court in *Verdugo*, *supra*, S260493 ordered briefing deferred pending its disposition of *People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted March 18, 2020, S260598. The Court limited briefing and argument in *People v. Lewis* to the following issues: "(1) May superior courts consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under Penal Code section 1170.95? (2) When does the right to appointed counsel arise under Penal Code section 1170.95, subdivision (c)?"

4

falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response . . . and the petitioner may file and serve a reply . . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause.'" (*Verdugo, supra,* 44 Cal.App.5th at p. 327.)

Once the order to show cause issues, the court must hold a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts. (§ 1170.95, subd. (d)(1); see *Verdugo, supra,* 44 Cal.App.5th at p. 327.) At the hearing the prosecution has the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing. (§ 1170.95, subd. (d)(3).) The prosecutor and petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens. (See *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1136, review granted Mar. 18, 2020, S260598.)

b. *Del Carmen's section 1170.95 petition*

In January 2019 Del Carmen petitioned for resentencing under section 1170.95. In his petition on the Re:Store Justice form (see *Verdugo, supra,* 44 Cal.App.5th at p. 324 & fn. 2), Del Carmen checked boxes declaring an information had been filed against him allowing the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; he pleaded no contest to first or second degree murder in lieu of going to trial because he believed he could have been convicted of first or second degree murder at trial pursuant to the felony-murder rule or the natural probable consequences doctrine; and he could not now be convicted of first

5

or second degree murder because of the amendments to sections 188 and 189. He also requested appointment of counsel during this resentencing process and checked additional boxes indicating he was "not the actual killer," "did not, with the intent to kill aid, abet, counsel, induce, solicit, request or assist the actual killer in the commission of murder in the first degree," and "was not a major participant in the felony [nor] act[ed] with reckless indifference to human life during the course of the crime or felony."

The People opposed the petition, arguing exclusively that section 1437 was unconstitutional. Del Carmen filed a reply.

On June 14, 2019 the superior court denied the petition.[3] The court stated, "Although, from the totality of the evidence it appears that the petitioner may be entitled to relief pursuant to Penal Code [1170.95]/SB 1437 as he was neither the actual killer nor one who with the intent to kill aided in the killing nor one who was a major participant who acted with reckless indifference, the court is nonetheless denying the instant petition on constitutional grounds," specifically, that the legislation was "unconstitutional in the manner that it was enacted." The court reasoned Senate Bill 1437 impermissibly amended two California initiatives, Propositions 7 (the Death Penalty Act, approved by the voters in November 1978) and 115 (the Crime Victims Justice Reform Act, approved by the voters in June 1990); violated the

---

[3]  At the June 14, 2019 hearing on the petition, Del Carmen was represented by the same appointed counsel who had represented him during his negotiated plea agreement. It appears, but is by no means clear, the superior court appointed counsel prior to the hearing pursuant to section 1170.95, subdivision (c).

California Constitution (as amended by Proposition 9 in 2008, the Victims' Bill of Rights Act of 2008, commonly known as Marsy's Law) insofar as it purported to vacate final judgments in criminal cases; and violated the separation of powers doctrine by infringing on core judicial functions.

## DISCUSSION

1. *Section 1170.95 Is Constitutional*

Del Carmen contends, and the Attorney General agrees, the superior court erred in concluding section 1170.95, as enacted through Senate Bill 1437, was unconstitutional. In a comprehensive analysis of Propositions 7 and 115 and Senate Bill 1437, as well as the separation of powers doctrine and victims' rights to finality of judgments as protected in Marsy's Law, our colleagues in Division Two of the Fourth District in *People v. Johns* (2020) 50 Cal.App.5th 46, 63-69 rejected the reasoning employed by the superior court in this case and held Senate Bill 1437 is constitutional.

All other courts of appeal that have considered any of these grounds for a constitutional attack on Senate Bill 1437 have likewise rejected them. (See, e.g., *People v. Prado* (2020) 49 Cal.App.5th 480; *People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 22, 2020, S262835; *People v. Bucio* (2020) 48 Cal.App.5th 300; *People v. Solis* (2020) 46 Cal.App.5th 762; *People v. Cruz* (2020) 46 Cal.App.5th 740; *People v. Lamoureux* (2019) 42 Cal.App.5th 241.) We find the reasoning in these cases compelling and adopt it as our own.

7

2. *On Remand the Superior Court Must Determine Whether an Order To Show Cause Should Issue*

Although Del Carmen and the People agree reversal of the court's order denying Del Carmen's petition is required, they disagree on the procedure to be applied on remand. Relying on the court's statement that it appeared Del Carmen would be entitled to relief under section 1170.95, Del Carmen requests we direct the superior court on remand to immediately vacate his murder conviction and resentence him or, at least, require it to issue the order to show cause as provided in section 1170.95, subdivision (c). The People, on the other hand, recognizing the superior court must find Del Carmen has made a prima facie showing he is entitled to relief before issuing an order to show cause, insist the court made no such finding when it denied the petition on constitutional grounds.

The record supports the People's argument. Although the court stated "it would seemingly appear" Del Carmen was entitled to relief, that observations falls short of the finding required by the statute for issuance of an order to show cause. (§ 1170.95, subd. (c); *Verdugo, supra,* 44 Cal.App.5th at pp. 328-333.) Moreover, contrary to Del Carmen's truncated view of the process, after an order to show cause issues, absent a stipulation that he is eligible to have his murder conviction vacated and should be resentenced (§ 1170.95, subd. (d)(2)), the court must hold an evidentiary hearing to determine whether to vacate the murder conviction and to resentence Del Carmen (§ 1170.95, subd. (d)(1)). While Del Carmen points to evidence in the record to support his petition, the initial finding whether a prima facie showing has been made for issuance of an order to show cause must be made by the superior court in the first instance.

## DISPOSITION

The order denying Del Carmen's section 1170.95 petition for resentencing on constitutional grounds is reversed. On remand the superior court is to determine whether an order to show cause should issue under section 1170.95, subdivision (c), and, if an order to show cause is issued, to conduct further proceedings in accordance with section 1170.95, subdivision (d).


PERLUSS, P. J.

We concur:


SEGAL, J


FEUER, J.